IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIE JEAN-BAPTISTE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-446-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Marie Jean-Baptiste, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is confined pursuant to her criminal convictions in the Miami Division of the United States District Court of the Southern District of Florida. Resp't's App. 8-9, ECF No. 12. By way of this petition, Petitioner seeks credit towards her sentences for pretrial detention in a Miami detention center from the date of her arrest on July 3, 2002, through the date of her sentencing on April 29, 2005. Pet. 1-2, ECF No. 1.

To establish the factual background of the case, the government provided the declaration of Darla Henderson, a Management Analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

> . . .
>
> 2.    In this position, I have access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained

>     on BOP's SENTRY computer system and BOP Program Statements.
>
> 3.  My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.
>
> 4.  On August 8, 2014, I reviewed the sentence computation for Petitioner Marie Jean-Baptiste, Federal Register Number 68767-004. The review revealed that Petitioner's sentence computation has been computed in accordance with federal law and she has received all requested credit for time spent in pre-trial detention.
>
> 5.  It is my understanding that Petitioner alleges she is entitled to approximately three years of prior custody credit for time spent in pre-trial detention at the Federal Detention Center in Miami, Florida ("FDC Miami").
>
> 6.  On July 3, 2002, Petitioner was arrested in Miami, Florida by the Drug Enforcement Agency for Conspiracy to Commit Murder for Hire and has remained in continuous federal custody ever since.
>
> 7.  On April 29, 2005, Petitioner was sentenced by the United States District Court for the Southern District of Florida in Case Number 102-20599-CR-ALTONAGE to a 216 month term of imprisonment for violations of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Five Kilograms or more of Cocaine, 18 U.S.C. § 924(o), Conspiracy to Use and Carry a Firearm during Drug Offense, 18 U.S.C. § 1951(a), Conspiracy Hobbs Act, and a 120 month concurrent term of imprisonment for violating 18 U.S.C. § 1958, Conspiracy to Commit Murder for Hire.
>
> 8.  Petitioner's sentence computation has been prepared based on a 216 month term of imprisonment, commencing on April 29, 2005, the date the term was imposed. Petitioner received 1,031 days of prior custody credit from July 3, 2002, the date of her arrest, through April 28, 2005, the date before the commencement of her sentence. Her projected good conduct time release date is March 8, 2018.

Resp't's App. 1-2, ECF No. 12.

## II. EXHAUSTION

Respondent argues that the petition should be dismissed based on Petitioner's failure to

exhaust the prison's administrative remedies. Resp't's Resp. 2-3, ECF No. 11. Because adherence to the exhaustion requirement would serve no purpose other than delay, the undersigned considers Petitioner's claim.

## III. DISCUSSION

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>   **(1)** as a result of the offense for which the sentence was imposed; or
>   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Respondent asserts that Petitioner's sentence commenced on the date it was imposed, April 29, 2005, and that she has received credit against such sentence for each day spent in federal custody since her arrest on July 3, 2002. As such, Respondent claims the Bureau of Prisons (BOP) has already credited the time Petitioner spent in custody against her sentence, and the petition is therefore moot. Resp't's Resp. 4, ECF No. 11. The documentary evidence supports Respondent's assertion. Petitioner has received credit for her pretrial detention. Should this Court grant her the relief

3

requested would result in a double credit to Petitioner. Federal inmates are not entitled to double credit for time spent in pre-sentence detention. *United States v. Wilson,* 503 U.S. 329, 337 (1992).

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 4th day of December, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**